NUMBER 13-05-200-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HOPE GARZA, Appellant,


v.


BENNY GONZALES, Appellee.

 


On appeal from the 135th District Court
of Jackson County, Texas

 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Appellant, Hope Garza, raises six issues on appeal from a final judgment declaring
that she has no property interest in certain land specified in a deed held by appellee,
Benny Gonzales. For the reasons that follow, we modify the judgment and affirm it as
modified. 


Background

 On August 25, 2003, appellee sued appellant for a declaratory judgment to resolve
a dispute over ownership of certain real property in Jackson County. Appellee's original
petition asked the trial court to declare (1) appellee "holds title in fee simple to all property
encompassed in his deed description" and (2) appellant "has no interest or claim to said
property." Appellant's original answer alleged that appellant was the owner of the property
in question. Appellant asserted, among other things, affirmative defenses based on
limitations. See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.026, 16.027 (Vernon 2006).

 On July 30, 2004, appellee filed a motion for summary judgment raising both
traditional and no-evidence grounds. See Tex. R. Civ. P. 166a. The motion also requested
attorney's fees and costs of court. In relevant part, the motion argued, "Defendant cannot
present any probative evidence supporting her claim she owns the property in dispute . .
. . Accordingly, Plaintiff asks this Court to declare that Defendant Hope Garza has no
interest in the title to the property in question." 

 Appellee's motion also included a distinctly traditional basis for summary judgment: 

[T]here are no genuine issues as to any material facts with regard to the
ownership of the two tracts at issue. The Plaintiff purchased these two tracts
from Jesse and Rita Garza. They were transferred by deed in 1993. There
has been no adverse claim to title for ten years or more by any other party. 
Finally, the deed contained no reservations of any other ownership interest
for Jesse and Rita or for Hope Garza. Therefore, plaintiff Gonzales is
entitled to judgment as a matter of law that Defendant has no ownership
interest in the property at issue pursuant to Rule166a(c) as well.

 Approximately one week before appellant's response to the motion for summary
judgment was due, appellant's attorney withdrew from the case with the trial court's
permission and appellant hired a new attorney. On August 25, 2004, appellant's new
attorney filed (1) a first amended answer, (2) a motion for continuance, and (3) a response
to appellant's motion for summary judgment. Appellant's first amended answer added the
affirmative defenses of assumption of risk, contributory negligence, estoppel, and laches,
in addition to the limitations defenses previously pled in appellant's original answer. 

 In the motion for continuance, appellant's new counsel argued that additional time
for discovery was necessary because appellee had moved for summary judgment on no-evidence grounds and there had been inadequate time for discovery before the motion was
filed. Counsel also advised the court that a continuance was necessary and appropriate
because appellant had changed attorneys. 

 The trial court held a hearing on appellant's motion for continuance. The reporter's
record of the hearing is not part of the appellate record before this Court, nor has appellant
provided it upon request. From other documents in the record we can ascertain with
certainty that the trial court ultimately denied the motion for continuance. The record
shows that a few days after the hearing on the motion for continuance, the court held a
hearing on appellee's motion for summary judgment. At this hearing, counsel for appellant
re-urged her motion for continuance, and it was again denied by the trial court, which
proceeded to hear arguments on appellee's motion for summary judgment. 

 Appellant's response to appellee's motion for summary judgment included
challenges to the admissibility of various summary judgment evidence, including uncertified
copies of title documents, as well as challenges to the merits of the motion. Among other
things, appellant contended that appellee's action for declaratory judgment was defective
because it sought to resolve a boundary dispute over real property. Appellant correctly
argued that a claimant cannot use the declaratory judgment act to resolve a boundary
dispute over real property. See Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004). 
According to appellant's response, appellee's claim could be litigated only as an action for
trespass to try title. Appellant also argued that--far from establishing appellee's entitlement
to judgment as a matter of law--appellee's summary judgment evidence actually raised
numerous fact issues.

 At the hearing on the motion for summary judgment, counsel for appellant raised
these points and others. She also objected to the trial court's oral ruling allowing appellee
to substitute as evidence at the hearing certified copies of relevant title documents to which
appellant had previously objected as inadmissible due to lack of certification and
authentication. 

 After the hearing, the trial court entered an order (1) overruling appellant's
objections to the summary judgment proof, (2) granting appellee's oral motion to substitute
certified copies of relevant deeds, and (3) granting appellee's "partial no-evidence motion
for summary judgment and partial motion for summary judgment with respect to . . . [the]
affirmative defenses of adverse possession . . . ."

 Although appellee's motion for summary judgment was not presented as a motion
for "partial" summary judgment, the following exchange at the hearing indicates that the
motion was understood to be of limited effect given appellant's amended pleadings:


The Court: If you won your summary judgment, what would
be the net effect of that?


Counsel for Appellee: The net effect would be that their affirmative
defenses of limitations that they have adverse
possession of the property would be gone. 


 Now, it's my understanding that [counsel for
appellant] . . . has amended [her answer] to add
some other affirmative defenses, so it would not
completely end the case, it would not be a final
decision by any means. And as I said, we're not
asking for declaratory judgment, just that their
limitation defenses are - - have no basis. 

 

 Subsequently, on December 22, 2004, appellee filed a first amended original
petition in which he added a claim for trespass to try title. On the same day, appellee also
filed a new motion for summary judgment, raising both no evidence and traditional
grounds:


Defendant cannot produce any evidence of an ownership right in the
disputed property based upon the undisputed evidence attached and
incorporated herein as part of the record. Instead, all undisputed evidence
shows that defendant has made unsupported claims of an interest in said
property, and has trespassed on Benny Gonzales's ownership interest. 
Therefore, Plaintiff Benny Gonzales is entitled to judgment as a matter of law
on all these matters. Further, there are no genuine issues as to material
facts regarding Plaintiff's ownership of said property and he is entitled to a
declaration that Defendant has no ownership interest as a matter of law, or
in the alternative, judgment in his favor on the trespass to try title cause of
action.

 

 Appellant filed a response to the motion, arguing among other things that summary
judgment would be improper because the summary judgment evidence produced by
appellee raised material fact issues and because the City of Edna "may also be a
necessary party to this proceeding."

 The trial court granted appellee's motion for summary judgment and entered a final
order stating that appellant has no property interest in the disputed land. The judgment
also awarded attorney's fees in favor of appellee. This appeal ensued. 

I. Motion for Continuance

 In her first issue, appellant contends that the trial court erred by denying her motion
for continuance. 

 The trial court may order a continuance of a summary judgment hearing if it appears
"from the affidavits of a party opposing the motion that he cannot for reasons stated
present by affidavit facts essential to justify his opposition." Tex. R. Civ. P. 166a(g); Joe
v. Two Thirty Nine J.V., 145 S.W.3d 150, 161 (Tex. 2004). When reviewing a trial court's
order denying a motion for continuance, we consider whether the trial court committed a
clear abuse of discretion on a case-by-case basis. See BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion when it
reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law. Id. 

 As noted above, appellant's motion for continuance advanced two separate grounds
for postponing the hearing on appellee's motion for summary judgment: (1) a need to
conduct additional discovery and (2) appellant's change in legal representation. We
address these grounds separately. 

 The Texas Supreme Court has considered the following nonexclusive factors in
deciding whether a trial court abused its discretion in denying a motion for continuance
seeking additional time to conduct discovery: (1) the length of time the case has been on
file, (2) the materiality and purpose of the discovery sought, and (3) whether the party
seeking the continuance has exercised due diligence to obtain the discovery sought. Id.
(diligence and length of time on file); Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640,
647 (Tex. 1996) (materiality and purpose); Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907
S.W.2d 517, 521-22, (Tex. 1995) (materiality); State v. Wood Oil Distrib., Inc., 751 S.W.2d
863, 865 (Tex. 1988) (diligence).

 Appellant's motion for continuance identified specific evidence that she needed
additional time to discover, including depositions of appellee and other previous owners
of the disputed property. Nevertheless, appellant's motion for continuance failed to explain
or detail any previous, unsuccessful efforts to conduct discovery of such evidence. The
record shows that the case had been on file for nearly a year prior to the filing of the motion
for summary judgment, and there is no indication that appellant previously sought to
conduct any of the discovery forming the basis for her motion for continuance. 
Accordingly, we cannot conclude that the trial court abused its discretion in denying
appellant's motion for continuance based on a need to conduct additional discovery. See
BMC Software, 83 S.W.3d at 801 (upholding continuance denial for failure to previously
request discovery). 

 Where, as in this case, a ground for continuance is advanced based on the
withdrawal of counsel, see Tex. R. Civ. P. 253, the moving party must show that the failure
to be represented at trial was not due to his or her own fault or negligence. Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986); State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984). 

 The appellate record includes a copy of counsel's motion to withdraw, which stated
in relevant part, "Good cause exists for withdrawal of Movant as counsel, in that he is
unable to effectively communicate with [his] client in a manner consistent with good
attorney-client relations. Client has picked up her file and has been seeking the services
of another attorney." 

 The appellate record also includes the trial court's order granting counsel permission
to withdraw. Although counsel's motion provided a general explanation for appellant's last-minute change in legal representation, it does not establish that appellant's failure to be
represented was not due to her own fault or negligence. See Villegas, 711 S.W.2d at 626. 
In particular, we have no basis for interpreting the vague communication failure described
by counsel as a one-sided problem. The motion to withdraw very specifically identified
counsel's unsuccessful interactions with appellant as the sole grounds for his withdrawal. 
Based on this evidence alone, we are left to speculate as to what might have happened
between attorney and client that ended the relationship so abruptly and during such a
critical time for the client. 

 Appellant's motion for continuance sheds no light on the communication failure
described in counsel's motion to withdraw. She did not provide the trial court with any
further explanation for how or why the attorney-client relation ended. Appellant merely
alleged that she had "used due diligence in securing the services of another attorney." We
therefore conclude that the motion and supporting affidavit do not establish or attempt to
establish that appellant's failure to be represented by counsel (i.e., counsel's withdrawal)
was not due to her own fault or negligence. See id. 

 Based on this record, we conclude that the trial court did not abuse its discretion in
denying the motion for continuance based on appellant's insufficiently-explained change
in legal representation prior to the hearing on appellee's motion for summary judgment.

 Appellant's first issue is overruled. 

II. Limitations as an Affirmative Defense 

 Appellant raises several distinct sub-issues in her second issue on appeal, which
she summarizes as the following question: "Where Garza properly pled possession as an
affirmative defense, did the trial court err in granting limitations via adverse summary
judgment in favor of Gonzales?" To ensure that we address every sub-issue fairly
presented by appellant's second issue, we evaluate each of her sub-issues independently. 
See Tex. R. App. P. 47.1. 

A. Authentication and Foundation of Title Documents 

 In her first sub-issue, appellant contends that ceratin summary judgment evidence
relied upon by appellee was not properly authenticated and lacked a proper foundation. 
Specifically, appellant complains about uncertified copies of deeds that were attached to
the motion for summary judgment. See Tex. R. Evid. 902; 1005. In advancing this sub-issue, appellant admits that, at the hearing on the motion for summary judgment, the trial
court allowed appellee to substitute certified copies of the deeds to cure any deficiencies
in the uncertified copies that were attached to his motion. Because the trial court's actions
addressed appellant's complaint prior to the granting of summary judgment, we are at a
loss to understand how the trial court could have erred by considering the uncertified
copies or how such an error could have led to the rendition of an improper judgment. See
Tex. R. App. P. 44.1. Appellant's first sub-issue is therefore overruled. 

B. Admissibility of Attorney Affidavit Related to Uncertified Title Documents 

 In her second sub-issue, appellant contends that an affidavit filed by appellee's
attorney was deficient to authenticate and establish a proper foundation for the copies of
the deeds used to prove appellee's chain of title. Appellant's second sub-issue fails to
address the critical fact that the trial court allowed appellee to offer into evidence certified
copies of the challenged documents. This substitution replaced the uncertified copies that
had apparently necessitated counsel's affidavit in the first place. Accordingly, there is no
basis for sustaining appellant's second sub-issue, and it is therefore overruled. See id. 

C. Fact Issues on Affirmative Defenses of Adverse Possession 

 In her third sub-issue, appellant contends that appellant's summary judgment
evidence raised a fact issue on each element of her affirmative defenses of adverse
possession. 

 In moving for summary judgment on a claim, a plaintiff is under no obligation to
negate the defendant's affirmative defenses. Tesoro Petroleum Corp. v. Nabors Drilling
United States, 106 S.W.3d 118, 124 (Tex. App.--Houston [1st Dist.] 2002, pet. denied). 
An affirmative defense will prevent the granting of summary judgment only if each element
of the affirmative defense is supported by summary judgment evidence. Kirby Explor. Co.
v. Mitchell Energy Corp., 701 S.W.2d 922, 926 (Tex. App.--Houston [1st Dist.] 1985, writ
ref'd n.r.e.). A party raising an affirmative defense in opposition to a motion for summary
judgment must either (1) present a disputed fact issue on the opposing party's failure to
satisfy his own burden of proof or (2) establish the existence of a fact issue on each
element of an affirmative defense by summary judgment proof. Tesoro Petroleum, 106
S.W.3d at 124.

 Appellant's response to appellee's motion for summary judgment argued the
following: 

Here, Plaintiff admits that Lot 3, Block 61 is 150' x 150' . . . . However, as
testified to by C.W. Settles, the Mercer Survey shows Lot 3, Block 61 to be
approximately 131' x 150' . . . . The summary judgment evidence [therefore]
creates a fact question to [sic] how much land is actually contained in Lot 3.

 

 We overrule appellant's third sub-issue because these arguments were insufficient
to demonstrate to the trial court the existence of fact issues on each element of appellant's
affirmative defenses that would make summary judgment improper. See Tex. R. Civ. P.
166a(c) ("Issues not expressly presented to the trial court by written motion, answer or
other response shall not be considered on appeal as grounds for reversal."). Although it
is quite apparent that appellant attempted to develop a discrepancy between the amount
of land described in appellee's title documents and the amount of land described in a land
survey admitted as evidence, the connection between this alleged discrepancy and
appellant's affirmative defenses went undeveloped until this appeal, a point at which it is
no longer appropriate to raise new grounds in avoidance of summary judgment. See id. 
 Having stated our basic reasons for overruling the three sub-issues contained in
appellant's second issue, we now overrule appellant's second issue in its entirety. 

III. Existence of Fact Issues 

 In her third issue, appellant argues that the trial court erred in granting summary
judgment because genuine issues of material fact exist. Specifically, appellant contends
that there is a discrepancy between the amount of land described in appellee's title
documents and the amount of land described in a land survey admitted as evidence. We
have already addressed this contention. For the reasons stated in our analysis of
appellant's second issue, particularly the third sub-issue, we overrule appellant' third issue.

IV. Action for Declaratory Judgment Versus Action for Trespass to Try Title 

 In her fourth issue, appellant argues that the trial court erred by allowing appellee
to bring his lawsuit as an action for declaratory judgment. As noted above, appellee
subsequently amended his petition to add a claim for trespass to try title. Nevertheless,
appellant complains that the trial court's judgment was an improper judicial declaration. 
 The Texas Property Code provides that "[a] trespass to try title action is the method
of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. §
22.001 (Vernon 2000). The Texas Declaratory Judgments Act provides that "[a] person
interested under a deed . . . may have determined any question of construction or validity
arising under the instrument. .. and obtain a declaration of rights, status, or other legal
relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a) (Vernon 1997). The
Texas Supreme Court has said that boundary disputes may be tried as trespass-to-try-title
actions, but not that they must. Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004).

 The Declaratory Judgments Act provides an efficient vehicle for parties to seek a
declaration of rights under certain instruments, while trespass-to-try-title actions involve
detailed pleading and proof requirements. See id. To prevail in a trespass-to-try-title
action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign,
(2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove
title by prior possession coupled with proof that possession was not abandoned. Id. The
pleading rules are detailed and formal and require a plaintiff to prevail on the superiority
of his title, not on the weakness of a defendant's title. Id. 

 The trespass-to-try-title statute was originally enacted in 1840 to provide a remedy
for resolving title issues. Tex. Prop. Code Ann. § 22.001(a) ("A trespass to try title action
is the method of determining title to lands . . . ."); see also Martin, 133 S.W.3d at 265. The
statute is typically used to clear problems in chains of title or to recover possession of land
unlawfully withheld from a rightful owner. Martin, 133 S.W.3d at 265. The Texas Supreme
Court has relaxed the trespass-to-try-title action's formal proof requirements when the sole
dispute between the parties involves a boundary's location. Id. 

 In Plumb, the Texas Supreme Court recognized that a boundary dispute "may be
tried by a statutory action of trespass to try title." Plumb v. Stuessy, 617 S.W.2d 667, 669
(Tex. 1981). In such a case, a recorded deed is sufficient to show an interest in the
disputed property without having to prove a formal chain of superior title. Martin, 133
S.W.3d at 265. If there would have been no case but for the question of boundary, then
the case is necessarily a boundary case even though it may involve questions of title. 
Plumb, 617 S.W.2d at 669. 

 The dispute underlying the instant case would not exist but for the question of
boundary. See Martin, 133 S.W.3d at 266. Appellant and appellee own adjacent tracts
of land, and their dispute concerns the boundary between the tracts. 

 In Martin, the Texas Supreme Court held that the trespass-to-try-title statute governs
boundary disputes and specifically declined to acknowledge a substantive distinction
between title and boundary disputes. Id. Under Martin, a plaintiff may not proceed
alternatively under the declaratory judgment act to recover attorney's fees. Id. 

 We have reviewed the judgment in the instant case, including the judgment's
statement that appellant has no property interest in the disputed land. We do not agree
that the judgment is improper, as appellant suggests. The judgment resolves with finality
the boundary dispute between the parties and is in that sense an appropriate adjudication
of the claims pled. 

 Nevertheless, we recognize the practical unfairness of defending against an action
for declaratory judgment, in addition to an action for trespass to try title, especially given
that attorney's fees may be recovered on the former but not the latter. Accordingly, we
conclude that the trial court erred by awarding attorney's fees to appellee. See Aguillera
v. John G. & Marie Stella Kenedy Mem'l Found., 162 S.W.3d 689, 697-98 (Tex.
App.--Corpus Christi 2005, pet. denied). In doing so, we overrule appellant's fourth issue
and we sustain without further discussion appellant's sixth issue, which raises a challenge
to the award of attorney's fees based on the rule of law set out in Martin. 

V. Denial of Motion for Continuance Related to Absence of Necessary Parties 

 In her fifth issue, appellant contends that the trial court erred in denying her motion
for continuance based on the absence of parties that appellant describes as "necessary"
to the litigation. We reviewed the trial court's denial of appellant's motion for continuance
in our discussion of appellant's first issue. We did not address any issues related to a
continuance based on the absence of necessary parties because we found included in the
motion only the two grounds for continuance discussed above. Because the absence of
necessary third parties was not specifically raised in the motion for continuance, there is
no basis for finding an abuse of discretion. See Tex. R. App. P. 33.1; 44.1. Appellant's fifth
issue is overruled. 

VI. Conclusion 

 We modify the judgment to delete the monetary awards made on the claim for
declaratory judgment and affirm the judgment as modified. See Tex. R. App. P. 43.2(b);
Jones v. Smith, 157 S.W.3d 517, 524 (Tex. App.--Texarkana 2005, pet. denied).

 

 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Memorandum Opinion delivered and 

 filed this the 16th day of November, 2006.